COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Willis

DORETHA LEOLA THOMAS

v.   Record No. 1147-95-1                    MEMORANDUM OPINION*
                                                  PER CURIAM
JOHN SAMUEL THOMAS                           OCTOBER 3, 1995

FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

(George Minor, Jr., on brief), for appellant.

(Howard M. Miller, on brief), for appellee.


Doretha Leola Thomas (wife) appeals from the circuit court's finding in a divorce proceeding that the residence titled in her name was marital property. Wife argues that the residence was bought with funds given to her by John Samuel Thomas (husband) and was her separate property. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

This matter was heard by a commissioner in chancery, whose report was affirmed by the trial court. The decision of the trial court will not be set aside on appeal unless it is plainly wrong or without evidence to support it. McLaughlin v. McLaughlin, 2 Va. App. 463, 466-67, 346 S.E.2d 535, 536 (1986). Husband asserts wife is barred by Rule 5A:18 from raising this

---

*Pursuant to Code § 17-116.010 this opinion is not designated for publication.

issue on appeal because wife's counsel endorsed the final order "Seen, Objected and Excepted to." However, wife's counsel filed an exception to the commissioner's finding that the residence was marital property. The trial court overruled the exception in the final decree. Therefore, the issue was raised before the trial court below and preserved for appeal. Code § 8.01-384.

Property purchased after the date of the parties' last separation is separate property, unless the evidence establishes that marital assets were used to purchase it. Price v. Price, 4 Va. App. 224, 229, 355 S.E.2d 905, 908 (1987). The wife contends that husband gave marital funds to her for her exclusive use and, thus, altered their classification as marital assets.

The evidence proved two months before the parties' separation husband received funds from a personal injury settlement. Husband initially deposited most of the funds into an account in his name. Several days later, the husband transferred funds into a new savings account in wife's name. Shortly thereafter, wife transferred those funds to a passbook savings account and three certificate accounts as a joint tenant with right of survivorship with her mother.

Wife testified that husband transferred the funds to her because he had to make support payments to his children from an earlier marriage. Wife testified that to avoid paying support the husband gave her the funds, saying "put it all in your name and you do what you want to do with it." The wife further

testified as follows:

> After the money was deposited in her name, wife used to go to the bank every day to withdraw money to give him because if I didn't, he would curse me out, wanting to jump on me, fight me in the house. If you would look on that statement, all them withdrawals, he used to make me go get them.

The evidence was uncontested that husband had a serious drug problem. Wife testified that she paid $20,000 to one of husband's drug creditors, and up to $40,000 total to husband's creditors.

After the parties separated on June 28, 1990, wife purchased the house for $52,000 with funds from her passbook savings account. The house was deeded to wife as "femme sole, as her sole and separate equitable estate." Although the evidence proved that wife and husband discussed buying a house, the evidence did not show that husband intended to give wife the funds with which to buy a separate house. Wife testified that the parties deposited the funds in the bank because "me and [husband] had intention of getting a house together, but he just turned sour and he just say he ain't want nothing."

The evidence, including wife's testimony, supports the commissioner's findings, affirmed by the trial judge that husband did not give wife the settlement funds as her separate property. He gave her the funds to avoid his creditors and to hold and use subject to his direction. Thus, the evidence supports the conclusion that the residence, which was purchased after the

3

parties' final separation was purchased with marital assets and, was marital property subject to the deed of trust.  Code § 20-107.3(A)(3)(C) and (H).

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed.</u>

4